UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, CLEVELAND

| | |
|---|---|
| TAMARA L. SOBOLEWSKI | Case No. 1:24-cv-01396-JPC |
| *Plaintiff*, | Judge J. Philip Calabrese |
| – v. – | Magistrate Judge Reuben J. Sheperd |
| FORD MOTOR COMPANY | |
| *Defendants*. | |

### DEFENDANT FORD MOTOR COMPANY'S MOTION TO DISMISS

Defendant Ford Motor Company ("Ford") respectfully moves the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint filed by Plaintiff Tamara L. Sobolewski for failure to state a claim. Plaintiff's claims arise from her employment, which ended in 2020, and therefore, are time-barred and unexhausted. A memorandum in support of this Motion is attached.

Dated: October 7, 2024

Respectfully submitted,

/s/ *Samuel E. Endicott*
Ronald G. Linville (Ohio 0025803)
Samuel E. Endicott (Ohio 0094026
Allison R. Thomas (Ohio 0090723)
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215-4138
Telephone: 614.228.1541
Facsimile: 614.462.2616
rlinville@bakerlaw.com
seendicott@bakerlaw.com
arthomas@bakerlaw.com

*Counsel for Defendant Ford Motor Company*

1

**MEMORANDUM IN SUPPORT OF DEFENDANT FORD MOTOR COMPANY'S MOTION TO DISMISS**

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

I. SUMMARY OF ARGUMENT ..................................................................................1

II. PROCEDURAL HISTORY.........................................................................................2

III. ALLEGATIONS IN THE COMPLAINT ...................................................................5

IV. LAW AND ARGUMENT ...........................................................................................6

    A. Rule 12(b)(6) Standard ....................................................................................6

    B. Plaintiff's Discrimination Claims Arising From Her Employment, Which Ended Over Four Years Ago, Are Untimely And Should Be Dismissed. ................8

V. CONCLUSION..........................................................................................................10

CERTIFICATION ....................................................................................................................11

CERTIFICATE OF SERVICE .................................................................................................12

TABLE OF AUTHORITIES

**Cases**
*A.G. by and Through N.G. v. Community Insurance Company*, 363 F.Supp.3d 834, 839-40 (S.D. Ohio 2019) ............................................................................................................................. 1
*Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) ......................................................... 2, 8
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .................................................................................. 6
*Ayers v. Enviro-Clean Services, Inc.*, 2021 WL 2003081, *2 (6th Cir. 2021) ............................... 8
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ........................................................... 6
*Billings v. Ideal Group, Inc.*, E.D. Mich. No.23-12311, 2024 WL 1977140 ............................. 8, 9
*DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983) ........................................................ 9
*EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999) ............................... 8
*Hykes v. Lew*, No. 16-5509, 2017 WL 4863108, *2 (6th Cir. 2017) .............................................. 8
*Jones v. Ravitz*, Case No. 07-10128, 2007 WL 655297 (E.D. Mich. Feb. 22, 2007) .................... 7
*League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) ................. 7
*Martin v. AK Steel Corp.*, No. CV 16-10377, 2016 WL 9114992, at *2 (E.D. Mich. May 31, 2016), *report and recommendation adopted*, No. 16-CV-10377, 2016 WL 3640026 (E.D. Mich. July 8, 2016) ................................................................................................................... 10
*Perry v. United Parcel Service*, 90 Fed. Appx. 860, at 861 (6th Cir. Jan. 30, 2004) .................... 7
*Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) ........................... 7
*Shoemaker v. Mansfield City Sch. Dist. Bd. of Educ.*, 61 F. Supp. 3d 704, 711 (N.D. Ohio 2014) 2
*Sobolewski v. Ford Motor Company*, Case No. N.D. Ohio Case No. 1-21-cv-00089-JPC ............ 4
*Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) ................................. 6

**Statutes**
42 U.S.C. § 300gg-5 ....................................................................................................................... 1

**Rules**
Fed.R.Civ.P. 12(b)(6) ............................................................................................................. 1, 2, 6

**Regulations**
29 C.F.R. § 2590.712 ..................................................................................................................... 1

I. **SUMMARY OF ARGUMENT**

Plaintiff Tamara L. Sobolewski's Complaint, filed August 15, 2024, is the latest in her series of unfounded allegations filed against Defendant Ford Motor Company ("Ford") arising from her termination on or about March 2, 2020 for posting threatening comments on social media while she actively worked in the plant. (*See*, Doc. 1, ¶¶ 34-37, 49-51). Specifically, Plaintiff wrote, "just shoot people" and "line them up and shoot them." *Id*. In her Complaint, she seeks to bring claims against Ford arising from her employment under the "Labor Management Relations Act (LMRA) § 301 (29 U.S.C. § 185), Americans with Disabilities Act of 1990, Title VII of Civil Rights Act of 1964 (Title VII), Age Discrimination in Employment Act of 1967 (ADEA), Mental Health Parity and Addiction Equity Act (MHPAEA) and all applicable state and federal laws." (Doc. 1, p. 1-2). Setting aside the fact that Plaintiff fails to allege a cogent theory of recovery under any of these causes of action,[1] all of her claims are time-barred and/or unexhausted and should be dismissed with prejudice.

---

[1] The Mental Health Parity Act, 42 U.S.C. 300gg-5 mandates that health insurance plans apply the same benefit limits to mental illnesses and physical illnesses. *See also*, 29 C.F.R. 2590.712; *A.G. by and Through N.G. v. Community Insurance Company*, 363 F.Supp.3d 834, 839-40 (S.D. Ohio 2019) ("The Parity Act was designed to end discrimination in the provision of coverage for mental health and substance use disorders as compared to medical and surgical conditions in employer-sponsored group health plans and health insurance coverage offered in group health plans.") (internal quotations omitted). To state a Parity Act violation, a plaintiff must allege: "(1) the insurance plan is of the type covered by the Parity Act; (2) the insurance plan provides both medical benefits and mental-health benefits; (3) the plan has a treatment limitation – either quantitative or nonquantitative – for one of those benefits that is more restrictive for mental-health treatment than it is for medical treatment; and (4) the mental-health treatment is in the same classification as the medical treatment to which it is being compared." *A.G. by and Through N.G.*, 363 F.Supp.3d at 840. Here, Plaintiff has not alleged any facts sufficient to state a claim for violation of the Mental Health Parity Act. Indeed, she has not named an insurance plan covered by the Act, alleged that Defendant is a health insurance plan covered by the Act, or provided any details about alleged coverage of such an insurance plan. Therefore, to the extent the Complaint purports to assert a claim under the Act, the claim is properly dismissed under Rule 12(b)(6) for failure to state a claim.

II.     **PROCEDURAL HISTORY**

Since Plaintiff's employment with Ford ended on March 2, 2020, she has raised complaints against Ford in various forums, including this one. To this end:

- On February 7, 2020, Plaintiff filed a Complaint with the U.S. Department of Labor, Office of Federal Contract Compliance Programs ("OFCCP"). *Complaint Reference No.* I00215614; *Sobolewski v. Ford Motor Company*, Case No. N.D. Ohio Case No. 1-21-cv-00089-JPC, Doc. 1-3, p. 4 (attached as **Exhibit A**).[2] By letter dated March 12, 2020, the OFCCP indicated that Plaintiff alleged that she was harassed about her work performance and wrongfully terminated in violation of Executive Order 11246 and Title VII of the Civil Rights Act of 1964. *Id*. The OFCCP closed the Complaint and transferred it to the U.S. Equal Employment Opportunity Commission ("EEOC"), Cleveland Field Office for investigation. *Id*.

- Following investigation, the EEOC was "unable to conclude that the information obtained establishes violations of the statutes" and issued its Dismissal and Notice of Rights on October 6, 2020. *Sobolewski v. Ford Motor Company*, Case No. N.D. Ohio Case No. 1-21-cv-00089-JPC, Doc. 1-3, p. 1-2 (attached as **Exhibit B**).

- On March 17, 2020 and April 8, 2020, Plaintiff submitted a complaint and 28-page statement to the U.S. Occupational Safety and Health Administration ("OSHA") arising from events leading to and culminating with her March 2, 2020 termination. *Ford Motor*

---

[2] "[W]hen a court is presented with a Rule 12(b)(6) or a Rule 12(c) motion, it may consider the complaint and any exhibits attached to it, public records, items appearing in the record of the case, and exhibits attached to the motion to dismiss, as long as they are referred to in the complaint and are central to the plaintiff's claims." *Shoemaker v. Mansfield City Sch. Dist. Bd. of Educ.*, 61 F. Supp. 3d 704, 711 (N.D. Ohio 2014) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

*Co./Sobolewski*/5-8120-20-030 (attached as **Exhibit C**). Plaintiff withdrew the Complaint and OSHA dismissed the charge on July 17, 2020. *Id*., at p. 29.

- On May 29, 2020, Plaintiff filed a charge with the Ohio Civil Rights Commission ("OCRC") alleging discrimination on the basis of sex, gender stereotyping, disability, age and religion and also retaliation for protesting discrimination, all in connection with her March 2, 2020 termination. *Tamara Sobolewski v. Ford Motor Company*, OCRC Charge No. CLE74(45819)04222020; 22A-2020-01897C (attached as **Exhibit D**). The OCRC dismissed the charge on February 11, 2021. *Id*., at pp. 15-16. The OCRC found no evidence of discrimination or harassment but "[i]nstead, the investigation supported that Charging Party was released for making threats against employees on social media." *Id*., at 15.

- Plaintiff filed a second charge with the OCRC claiming that she was denied access to a place of public accommodation and repeating allegations asserted in Charge CLE74(45819)04222020 regarding alleged harassment during her employment and wrongful termination. *Tamara Sobolewski v. Ford Motor Company*, OCRC Charge No. CLE74(45968)08142020 (attached as **Exhibit E**). The OCRC investigated then on April 1, 2021, dismissed the charge because "Respondent's facility is not a place of public accommodation. Further, the remaining allegations raised in the instant charge are untimely or were addressed in a previous charge". *Id*.

- Also in 2020, Plaintiff filed a charge with the U.S. National Labor Relations Board ("NLRB"), Case No. 08-CA-257901, which was withdrawn on May 29, 2020 (attached as **Exhibit F**).

- On August 21, 2020, Plaintiff filed a second charge with the NLRB alleging that Ford violated her rights under the National Labor Relations Act ("NLRA") arising from alleged

3

retaliation and wrongful termination. *Re: Ford Motor Company Ohio Assembly Plant*, NLRB Case No. 08-CA-264966 (attached as **Exhibit G**). On November 10, 2020, the NLRB issued its Decision to Dismiss the charge. *Id*. Following investigation, the NLRB found no evidence that Plaintiff's suspension or termination were motivated by union or other protected activities, but rather, found that Ford "suspended and terminated [Plaintiff] because [she] posted threats of violence toward co-workers on social media."

- On January 11, 2021, Plaintiff filed a Complaint in this U.S. District Court for the Northern District of Ohio arising from alleged discrimination and retaliation resulting in her March 2, 2020 termination. *Sobolewski v. Ford Motor Company*, Case No. N.D. Ohio Case No. 1-21-cv-00089-JPC, Doc. 1. The Court dismissed that Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure, without prejudice. *Id*., Doc. 17.

- In 2024, Plaintiff filed a third charge with the OCRC arising from her March 2, 2020 termination. *Tamara Sobolewski v. Ford Motor Company Ohio Assembly Plant*, Charge No. CLEB4(000235)07102023; 22A-2023-4970) (attached as **Exhibit H**). On March 21, 2024, the OCRC issued its Letter of Determination. *Id*. In that letter, the OCRC concluded following investigation: "The Commission found that Respondent did not subject Charging Party to discrimination on the basis of disability, sex, age, and/or in retaliation for engaging in protected activity. The investigation determined that Charging Party has not been employed by Respondent since 2020. Further, Charging Party's allegations regarding her termination and alleged prior harms were previously investigated and dismissed by the Commission. Information supported that Charging Party's remaining allegations involved her union for which Respondent's agents are not responsible." *Id*. The OCRC dismissed the Charge, and provided Plaintiff with a Notice of Right

4

to Sue. *Id*. The OCRC instructed that any judicial action must be filed within thirty days of the mailing of the letter. *Id*.

### III. ALLEGATIONS IN THE COMPLAINT

Plaintiff filed the instant lawsuit on August 15, 2024 arising from alleged discrimination and retaliation in connection with her employment and termination on March 2, 2020. (Doc. 1). As alleged in the Complaint, on February 19, 2020, Plaintiff was contacted by a Ford employee indicating that her badge had been deactivated and that she was not to report to work until further notice following discovery of a post on her Facebook page threatening to shoot people at work. (Doc. 1, ¶¶34-38); *see also*, (Doc. 1, Ex. 20, p. 3). Following investigation, Ford terminated Plaintiff's employment on March 2, 2020 for making an act of threat against the plant. (Doc. 1, ¶¶45-51).

Plaintiff asserts that she engaged in protected activity around February 3, 2020 when she reported "employment challenges, i.e., lack of support, repeated discipline, demotion, and exclusion from diversity and inclusion policies." (Doc. 1, ¶24). She claims that various grievances were improperly closed in February 2020 in retaliation for filing the hotline complaint and/or participating in investigation of her complaint. (Doc. 1, ¶25). She also takes issue with a series of "adverse actions," which she claims were taken due to her disability, age, gender, and/or participation in concerted or other protected activity. (Doc. 1, ¶¶94, 100-101, 119-21, 139, 141, 153, 156, 160, 164, 181). The adverse actions she challenges include a 2010 job transfer (¶¶67-68); 2018 suspension (¶108-114); 2019 suspension (¶174); unwarranted accusations of "careless workmanship" in 2010 (¶¶69-75); alleged hostile work environment and discrimination from 2012 – 2015 and again in 2018 (¶¶81-82, 91, 108-114, 116); gender pay inequity (¶¶100-101); invasion of privacy in 2018 (¶105); stealing and/or withholding of pay (¶¶125-127); and wrongful discipline

in 2019 (¶¶131-138). It is not clear in the Complaint who Plaintiff blames for these alleged unlawful actions, whether Ford, coworkers, her Union, or a combination. (Doc. 1).

Plaintiff also claims that around June 28, 2023, Brian Maust, Union Chairman, "sought to bring [her] back on medical retirement, asking [her] to explain to him what sparked [her] so-called outburst on 2/19/2020." (Doc. 1, ¶186). Plaintiff describes in the Complaint that Maust was terminated but reinstated after arbitration. (Doc. 1, ¶¶191-193). She finishes that "[b]etween 8/20/2020, and 5/27/2024, [she] relied on union representation, and [her] case is currently being handled by the UAW Appeals Department". (Doc. 1, ¶194). The allegations relating to Maust and/or the UAW are not attributed to any wrongdoing by Defendant.

IV. **LAW AND ARGUMENT**

A. **Rule 12(b)(6) Standard**

Plaintiff's allegations should be dismissed under Rule 12(b)(6) for failure to state a claim. In order to survive a 12(b)(6) motion, the "complaint must contain (1) enough facts to state a claim to relief that is plausible, (2) more than a formulaic recitation of a cause of action's elements, and (3) allegations that suggest a right to relief above a speculative level." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v.*

*Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). In deciding whether a plaintiff has set forth a plausible claim, the Court must accept the factual allegations in the complaint as true. *Twombly*, 550 U.S. at 555-56. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint's "basic deficiency should. . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (citations omitted). Where a complaint fails to "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory," dismissal under Rule 12(b)(6) is appropriate. *See Caldwell v. Rowland*, 932 F. Supp. 1018, 1020 (E.D. Tenn. 1996) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

The Sixth Circuit has recognized that failure to state a claim is grounds for courts to grant a motion to dismiss pursuant to Rule 12(b)(6), even in the context of pro se litigants. *Perry v. United Parcel Service*, 90 Fed. Appx. 860, at 861 (6th Cir. Jan. 30, 2004) (upholding defendant's motion to dismiss noting that "the less stringent standard for pro se plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations"). Courts are not forced to "waste" their time when the nature of a pro se plaintiffs' claim "defies comprehension." *Jones v. Ravitz*, Case No. 07-10128, 2007 WL 655297 (E.D. Mich. Feb. 22, 2007) (granting defendant's motion to dismiss pursuant to Rule 12(b)(6) because although pro se plaintiffs are held to a less stringent standard, "that indulgence does not extend to entertainment of bizarre legal theories or mangling legislation.").

### B. Plaintiff's Discrimination Claims Arising From Her Employment, Which Ended Over Four Years Ago, Are Untimely And Should Be Dismissed.

Plaintiff's claims are untimely where they are based on her termination and events that occurred during her employment, which ended over four years ago. In a "deferral" state like Ohio, an employment-related discrimination charge should be filed with the EEOC and/or OCRC within three-hundred days after the alleged unlawful employment practice occurred. *Amini v. Oberlin Coll.*, 259 F.3d 493, 499 (6th Cir. 2001); *Ayers v. Enviro-Clean Services, Inc.*, 2021 WL 2003081, *2 (6th Cir. 2021); 42 U.S.C. § 2000e-5(e)(1). The three-hundred-day period starts from the time of the underlying adverse action, not when Plaintiff discovered alleged discriminatory conduct. *Amini*, 259 F.3d at 499. After investigation, the EEOC and/or OCRC will either file suit on behalf of the claimant or issue a right-to-sue letter. *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998). If, after one-hundred-eighty days, the administrative agency fails to make a reasonable cause finding, the claimant may request a right-to-sue letter. *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999). Upon receipt of a right-to-sue letter, a plaintiff has ninety days to file a federal lawsuit. 42 U.S.C. § 2000e-5(f)(1). Similarly, judicial review of a finding by the OCRC must be filed within thirty days of mailing of the Commission's final determination. Ohio Rev. Code § 4112.06.

The requirements to timely file with an administrative agency and to timely file a lawsuit are independent of each other. *See*, *Billings v. Ideal Group, Inc.*, E.D. Mich. No.23-12311, 2024 WL 1977140, *4 (To state a cognizable claim, "a plaintiff is required *both* to file a timely charge with the EEOC *and* to file a lawsuit within 90 days of receiving the right to sue letter from the EEOC."); *Hykes v. Lew*, No. 16-5509, 2017 WL 4863108, *2 (6th Cir. 2017) ("To hold that [Plaintiff's] filing suit in effect cured the untimeliness of the original [untimely submission to the

8

agency] . . . would allow a plaintiff to circumvent the administrative procedures set up by Congress.") (internal quotations omitted).

Here, Plaintiff filed a flurry of administrative complaints in the months following her termination in 2020. However, none of the letters of determination and/or right to sue letters make the instant complaint timely.[3] Indeed, well over ninety days has passed since any of the determination letters were issued. Thus, discrimination claims arising from these administrative complaints are untimely.

Further, any claim arising from the 2024 administrative complaint to the OCRC is also untimely and unexhausted. As the Commission properly determined, it was filed outside the three-hundred-day time period following termination of her employment. Therefore, the underlying claim is untimely. *See*, *Billings*, 2024 WL 1977140, *4-5 (although plaintiff filed her lawsuit within ninety days of receiving notice of the EEOC's final decision, the claims were untimely because they were not timely presented to the EEOC). Moreover, Plaintiff field the instant Complaint outside the thirty-day time period to assert judicial challenge to the OCRC's conclusions. (Exhibit H; Doc. 1). As a result, this claim, like each of Plaintiff's employment claims, are time-barred and/or unexhausted, and this lawsuit should be dismissed with prejudice.

To the extent Plaintiff asserts claims against Ford arising from the employment agreement (and it is not clear that she does), those claims are also time-barred. Indeed, claims that an employer breached a CBA (the "Hybrid Section 301 claims") are subject to a six-month statute of limitations. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983); *Martin v. AK Steel Corp.*, No. CV 16-10377, 2016 WL 9114992, at *2 (E.D. Mich. May 31, 2016), *report and recommendation*

---

[3] Plaintiff has not alleged that she exhausted administrative remedies in the Complaint, and because they are under seal, it is not clear whether she attached any of the administrative decisions denying her claims.

9

*adopted*, No. 16-CV-10377, 2016 WL 3640026 (E.D. Mich. July 8, 2016). At the latest, Plaintiff's claim against Ford dates back to 2020. (Doc. 1, ¶ 4). Therefore, any claim that Ford's conduct violated the CBA expired six months later. Plaintiff's 2024 Complaint is untimely.

## V. CONCLUSION

For these reasons, Ford respectfully requests that the Court grant this Motion and dismiss the Complaint under Rule 12(b)(6) with prejudice.

Dated: October 7, 2024

Respectfully submitted,

/s/ *Samuel E. Endicott*
Ronald G. Linville (Ohio 0025803)
Samuel E. Endicott (Ohio 0094026
Allison R. Thomas (Ohio 0090723)
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215-4138
Telephone: 614.228.1541
Facsimile: 614.462.2616
rlinville@bakerlaw.com
seendicott@bakerlaw.com
arthomas@bakerlaw.com

*Counsel for Defendant Ford Motor Company*

**CERTIFICATION**

      I hereby certify that the present lawsuit has been recommended by the Court for assignment to the Standard Track (See Doc. 1). I hereby further certify that Ford Motor Company's Motion to Dismiss Plaintiff's Complaint does not exceed the twenty (20) page limit for Standard Track cases as set forth in Local Rule 7.1(f).

                                            /s/ *Samuel E. Endicott*
                                            *Attorney for Ford Motor Company*

## CERTIFICATE OF SERVICE

      I certify that a copy of the foregoing was served by the Court's e-filing system on October 7, 2024, which will provide notice to the following:

Tamara Sobolewski
1002 Dakota Avenue
Lorain, OH 44052
*Pro Se Plaintiff*

                                    /s/ *Samuel E. Endicott*
                                    *Attorney for Ford Motor Company*