## Charging Party Information

**First Name*** TAMARA
**Middle Name**
**Last Name*** SOBOLEWSKI

**Address*** 1002 DAKOTA AVENUE

**Zip Code*** 44052
**City*** LORAIN
**State*** OH
**County*** LORAIN

**Telephone*** (440)452 1982
**Email*** TAMSO1970@YAHOO.COM

## Employer Information

**Employer Name*** FORD MOTOR COMPANY OHIO ASSEMBLY PLANT

**Employer Address*** 650 MILLER ROAD

**Date of Hire** 10/19/1992
**Telephone*** (440)933 1200

**Zip Code*** 44012
**City*** AVON LAKE
**State*** OH
**County*** LORAIN

**Total Number of Employees*** >20
**Position Held (or Being Sought)** EDUCATION COORDINATOR

## Most Recent Date of Discrimination | Must have occurred within TWO YEARS from the charge filing date

**Date of Discrimination (Include other dates in your narrative below)*** 06/28/2023

## I was discriminated against on the basis of:

- [ ] Race
- [x] Retaliation
- [ ] National Origin
- [x] Disability (DO NOT IDENTIFY)
- [ ] Religion
- [ ] Ancestry
- [x] Sex
- [ ] Color
- [ ] Military Status
- [x] Age (40 or over)

**Please identify your Sex below**
- [ ] Male
- [x] Female
- [ ] Pregnancy
- [ ] Sexual Orientation
- [ ] Gender Identity or Expression

**EXHIBIT H**

Please briefly explain your selection(s) above if applicable (max 100 characters) *

BRIAN MAUST TOLD ME THAT FORD WOULD GIVE ME DISABILITY BENEFITS IF I MAKE FALSE STATEMENTS.

**I was subjected to:**

- ☑ Demotion
- ☐ Denial/Failure to Hire
- ☑ Layoff/Denial of Recall
- ☐ Other
- ☑ Discharge/Termination
- ☑ Constructive Discharge/Forced Resignation
- ☑ Denial of Promotion
- ☑ Different terms & Conditions of Employment
- ☑ Discipline
- ☑ Harassment/Sexual Harassment
- ☑ Denial of Reasonable Accommodation (Disability or Religion)
- ☑ Unequal Pay – Based on sex only

Please write a short statement detailing the act(s) of discrimination and why you believe it is discrimination. In your statement, include information as to who committed the act of discrimination (name and position), any reason given for the act of discrimination, when the acts occurred and names of others treated more favorably than you. (max 2600 characters) *

At 37  40 years old, I did one job, Randy Dougall certified me.  Charles Oley started writing me up, accusing me of poor and careless workmanship.  John Grasso never accused me of misconduct.  After I chose to return to former work (constructive discharge #1) ALL discipline was removed from my record.  Internally, I complained about harassment based on gender.  At 45  48 years old, I did one job, and Ariel MacDonald confidentially questioned me on rumored conflict and social media, then confidentially questioned me again about conflict, penalized me, accused me of disrespect, wrote me up, and suspended me again.  Brian Maust offered me another position and I moved to avoid further harm (constructive discharge #2).  Shawn Ray, Sandy Eskins, Michael Schaeffer, and Ray Metsch reassigned me daily for 30 days, violated contract, failed to pay me properly and were never written up for disrespect or theft from me.  At my new position, Shawn Ray wrote me up alleging misconduct, Ariel MacDonald wrote me up alleging misconduct twice.  I obtained medical treatment and disability benefits.  Human Resources sent me one notice threatening my employment status, I returned, and Michael Schaeffer assigned me manually lifting commercial truck doors.  I sought medical treatment and disability benefits resumed.  Human Resources sent me two notices threatening my employment status, and UAW and Ford subjected me to a disability evaluation.  I returned to work.  Meeka Hughes wrote me up for misconduct and suspended me.  I have NEVER had attendance misconduct (until A recent writeup in 6/2023).  I called corporate to report what I believed harassment and Human Resources Manager Ryan Perniciaro accused me of threatening my peers while working and discharged me.  In April 2023, I asked for the summary of findings from Perniciaro's 2020 investigation and to date, I am unable to obtain it.  In March 2021, Social Security Administration told me I am NOT disabled under their rules and August 2021, Workers Compensation told me exposure to hostile work environment and stress/anxiety/depression is disallowed/NOT occupational hazard/disease/injury.  However, a contractual remedy in June 2023 was Brian Maust offered me disability retirement if I make false statements related to social media and my conduct.  Ninety  nine percent of employees with 27 to 50 years of service chose retirement, either normal or medical.  I believe these events were/are discrimination based on gender, age, disability, and retaliation and because contract applies, a remedy is redress.  I cannot find one attorney.

## Declaration

☑ *I hereby declare and affirm that the information provided in this charge is true and accurate to the best of my knowledge and belief under penalty of perjury.* *

Tamara Sobolewski                        CLEB4(000235)07102023                        JKB

**Charging Party Signature** *(Use your finger or mouse to sign)*\*

**Submission Date**
07/10/2023

*[signature: Tamara Sobolewski]*

**PLEASE NOTE:** Under division (A) of section 4112.052 of the Ohio Revised Code, you are prohibited from bringing a civil action under this chapter unless one of the following applies: (a) The conditions stated in division (B)(1) of section 4112.052 of the Ohio Revised Code are satisfied; (b) An exception specified in division (B)(2) of section 4112.052 of the Ohio Revised Code applies.



# OHIO CIVIL RIGHTS COMMISSION

Governor Mike DeWine
Commissioners: Valerie A. Lemmie, Chair | Lori Barreras | William Patmon, III | Madhu Singh | Charlie Winburn
Executive Director Angela Phelps-White

**March 21, 2024**                                                                                                   *Date mailed: 03/21/2024*

Tamara Sobolewski                              Ford Motor Company
1002 Dakota Ave.                               650 Miller Rd.
Lorain, Ohio 44052                             Avon Lake, Ohio 44012

### LETTER OF DETERMINATION
Tamara Sobolewski v. Ford Motor Company
CLEB4(000235)07102023; 22A-2023-04970

**FINDINGS OF FACT:**
Charging Party filed a charge of discrimination with the Ohio Civil Rights Commission ("Commission") alleging Respondent engaged in an unlawful discriminatory practice. All jurisdictional requirements for filing a charge have been met.

After receiving the charge, the Commission conducted an investigation into Charging Party's allegation(s) against Respondent. During the investigation, the Commission considered relevant documents and testimony. The information gathered does not support a recommendation that Respondent unlawfully discriminated against Charging Party. Specifically, the Commission found that Respondent did not subject Charging Party to discrimination on the basis of disability, sex, age, and/or in retaliation for engaging in protected activity. The investigation demonstrated that Charging Party has not been employed by Respondent since 2020. Further, Charging Party's allegations regarding her termination and alleged prior harms were previously investigated and dismissed by the Commission. Information supported that Charging Party's remaining allegations involved her union for which Respondent's agents are not responsible.

**DECISION:**
The Ohio Civil Rights Commission determines it is **NOT PROBABLE** that Respondent has engaged in an unlawful discriminatory practice in violation of Ohio Revised Code Chapter 4112. Therefore, the Commission hereby orders that this matter be **DISMISSED**.

Charging Party: Please refer to the enclosed **NOTICE OF RIGHT TO SUE** for additional information on Charging Party's suit rights.

**NOTICE OF RIGHT TO REQUEST RECONSIDERATION:**
Pursuant to Ohio Administrative Code § 4112-3-04, you have the right to request reconsideration of the Commission's determination. The application must be in writing and state specifically the grounds upon which it is based. You must submit the request for reconsideration, along with all additional evidence or supporting documentation, within **TEN (10) days** of the date of mailing of this notice. This request must be sent to the Compliance Department, Ohio Civil Rights Commission, 30 East Broad Street, 5th Floor, Columbus, Ohio 43215. Any application for reconsideration received after the ten-day period has expired will be deemed untimely. The Commission's Rules do not permit any employee of the Commission to

Tamara Sobolewski v. Ford Motor Company
CLEB4(000235)07102023; 22A-2023-04970
Page 2

grant any extension to this ten-day filing period. If you wish to appear before the Commissioners to present oral arguments in support of your request for reconsideration, you must specifically make a request to appear in writing.

**FOR DUAL FILED CHARGES ONLY:**
If your charge was filed with both the Commission and the U. S. Equal Employment Opportunity Commission (EEOC), you have the right to request that the EEOC conduct a review of the Commission finding. The request for such a review must be sent directly to the EEOC State and Local Coordinator at U.S. EEOC - Indianapolis District Office 115 W. Washington St., Suite 600S Indianapolis, IN 46204. To secure such a review, you must request it in writing within **FIFTEEN (15) days** of Commission's finding, unless you request a reconsideration by Commission. In that event, our final finding, and the time for you to request review by EEOC, will be determined by Commission's action on your reconsideration request.

**NOTICE OF RIGHT TO PETITION FOR JUDICIAL REVIEW:**
A determination of the Commission that constitutes a Final Order is subject to judicial review, wherein the court reviews the contents of this letter and determines if there are sufficient factual findings supporting why the Commission did not issue a complaint. A petition for judicial review must be filed in the proper common pleas court within **THIRTY (30) days** of the date the Commission mailed this Final Order. The right to obtain judicial review and the mode and procedure thereof is set forth in Ohio Revised Code § 4112.06.

The judicial review process is not a means to reexamine the investigation or further pursue your allegations through the Commission. You may consult with an attorney for information on available options.

A Probable Cause finding is not a Final Order and is not subject to judicial review by a court. All other determinations of the Commission constitute a Final Order and are subject to judicial review by a court.

FOR THE COMMISSION,

*Vera F. Boggs*
Vera F. Boggs
Regional Director
vera.boggs@civ.ohio.gov


    cc:    <u>Representative for Respondent</u>:
            Ronald G. Linville, Esq.
            Baker & Hostetler LLP
            200 Civic Center Dr., Suite 1200
            Columbus, Ohio 43215-4138