FILED

OCT 21 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| TAMARA L. SOBOLEWSKI<br>1002 Dakota Avenue<br>Lorain OH 44052,<br>*Plaintiff*, | Case No. 1:24-cv-01396 |
| v. | Judge J. Philip Calabrese |
| FORD MOTOR COMPANY<br>Sheperd<br>650 Miller Road<br>Avon Lake OH 44012,<br>*Defendant*. | Magistrate Judge Reuben J. |

## OPPOSITION TO FORD'S MOTION TO DISMISS

Ford Motor Company, represented by Baker & Hostetler LLP, has filed a motion to dismiss under F.R.C.P. 12(b)(6). I, proceeding pro se, oppose this motion and request its denial.

## INTRODUCTION

I filed this lawsuit after being wrongfully terminated by Ford Motor Company following retaliation from Ford employee Ryan Perniciaro. He accused me of

1

making criminal threats, leading to my termination (Doc. 1, ¶28, 31, 46, 48, 49).[1] After Ford wrongfully terminated me, Brian Maust, attempted to mislead me into accepting a medical retirement plan if I provided false statements about an alleged incident on 2/19/2020 (Doc. 1, ¶184).

## RIGHT TO SUE

Both state and federal Equal Employment Opportunity (EEO) agencies provided right-to-sue letters, affirming my eligibility to pursue this case (Exh. 23, p. 82).[2]

## FORD'S ARGUMENTS

Ford alleges that I, as a former employee, have failed to present a convincing case of discrimination and retaliation. They argue that my claims are time-barred and/or unexhausted.

## LEGAL PROTECTION FOR FORMER EMPLOYEES

---

[1] Just cause is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act. *Shephard v. Dir., Ohio Dept. of Job & Family Servs.*, 166 Ohio App.3d 747, 2006-Ohio-2313, 853 N.E.2d 335 ¶ 19 (8th Dist.); see also *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Servs.*, 73 Ohio St.3d 697 N.E.2d 1207 (1995).

[2] It is well settled that our participation clause shields us from retaliation regardless of the merit of our EEOC charge. *Sias v. City Demonstration Agency*, 588 F.2d 692, 695 (9th Cir. 1978) (citing *Pettway v. Am. Cast Iron Pipe Co.*, 411 F.2d 998, 1004-1007 (5th Cir. 1969)); see also *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 582 (6th Cir. 2000).

Ford's claims are contrary to well-established precedents that show former employees are protected under Equal Employment Opportunity (EEO) laws:

- *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997) – Former employees are covered under Title VII.
- *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 607 (3d Cir. 1998) – Former employees are protected under ADA.
- *Passer v. American Chem. Soc'y*, 935 F.2d 322, 330 (D.C. Cir. 1991) – Former employees are protected under ADEA.

Additionally, each EEO statute prohibits retaliation, including:

- Title VII of the Civil Rights Act of 1964 (Title VII),
- the Age Discrimination in Employment Act (ADEA),
- Title V of the Americans with Disabilities Act (ADA),
- Section 501 of the Rehabilitation Act (Rehabilitation Act),
- the Equal Pay Act (EPA), and
- Title II of the Genetic Information Nondiscrimination Act (GINA).

(Refer to U.S. Equal Employment Opportunity Commission Guidance:

HTTPS://WWW.EEOC.GOV/LAWS/GUIDANCE/QUESTIONS-AND-ANSWERS-ENFORCEMENT-GUIDANCE-RETALIATION-AND-RELATED-ISSUES)

## FALSE ALLEGATIONS BY FORD

Ryan Perniciaro falsely claimed I posted threatening comments (shooting people) on Facebook about my colleagues while I was working at the Ohio Assembly Plant (OHAP).

Ford's legal representatives, Baker & Hostetler LLP, falsely accused me of threatening to shoot and kill my coworkers (Exh. 5).

Ford embellished – alleging that I was terminated for making threats against the Ohio Assembly Plant, unfounded allegations that have not led to criminal charges (Doc. 9, p. 1377).

### LEGAL CONSULTATIONS AND FEAR OF CRIMINAL CHARGES

After Ford accused me of criminal behavior, I sought advice from criminal defense lawyer Mary Corrigan, but she declined to represent me since no criminal charges were filed. I have lived in fear of potential aggravated menacing charges for over four years, despite no formal charges being brought against me.

### LACK OF POLICE AND LEGAL ACTION

I contacted the police, but they refused to investigate the aggravated menacing allegations until the "victims" (or most recently, "the plant") came forward. No police reports or criminal proceedings have resulted from Ford's allegations, highlighting their baseless nature.

### DAMAGE TO REPUTATION

Ford's false allegations have significantly damaged my professional reputation and employability, creating undue hardship in securing future employment opportunities.

### PROCEDURAL HISTORY

**Employment and Termination**: I worked at Ford from 1992 until my termination on March 2, 2020, when Ford falsely accused me of committing aggravated menacing against my peers and/or the Ohio Assembly Plant.

**Union Grievances**: Jason Wells filed a grievance (Grievance No. JW20TS) on my behalf, claiming wrongful termination. Despite this, the Union withdrew the grievance, and it remains unresolved and continues processing (Doc. 1, ¶182, 193).[3]

**Legal Advice**: I consulted with criminal defense attorney Mary Corrigan, but no charges were filed against me. My clean background (no criminal record) further discredits Ford's claims (*See* Exh. 25).

## ARGUMENT AGAINST MOTION TO DISMISS

**Due Process Violations:**

Ford violated due process by not allowing me to defend myself against the fabricated accusations. My case is not time-barred as Ford argues. Under O.R.C. § 2305.06 and § 2305.07(A), the statute of limitations for contract claims is six

---

[3] A general rule is that before we bring suit, we must exhaust the grievance procedures established by our CBA. *Sidhu v. Flecto Co., Inc.*, 279 F.3d 896, 898–99 (9th Cir. 2002). The determination whether to require exhaustion is left to the sound discretion of the trial court. *Scoggins v. Boeing Co.*, 742 F.2d 1225, 1229 (9th Cir. 1984).

years, and the Union grievance was processed from 2020 through 2024, keeping the claim within the allowable timeframe.

**Retaliation as Motivation:**

My termination was not based on credible threats but was a direct act of retaliation for reporting workplace harassment via Ford's Harassment Hotline.

**Disproving Ford's Allegations:**

If Ford's allegations of threats were valid, I would have faced criminal charges. The absence of police or legal involvement highlights the baseless nature of Ford's claims.

No court proceedings or charges have been filed against me, further discrediting Ford's accusations.

**Due Process and EEO Violations**

Ford's actions violated several EEO laws that protect against retaliation, including Title VII, ADEA, ADA, The Rehabilitation Act, EPA, and GINA.

## Conclusion

Ford and Baker & Hostetler LLP's accusations are unfounded, both factually and legally. My termination was a retaliatory act, violating my due process rights. I ask the Court to deny Ford's motion to dismiss and grant the appropriate relief.

## Prayer for Relief

For the above reasons, I request that the Court deny Ford's motion to dismiss and grant all appropriate relief, including, but not limited to, compensation for damage caused by Ford's wrongful actions.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

*Tamara Sobolewski*

Tamara Sobolewski, Pro Se Plaintiff
1002 Dakota Avenue
Lorain OH 44052
(440) 452-1982