UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TAMARA L. SOBOLEWSKI, ) | Case No. 1:24-cv-01396 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge Reuben J. Sheperd |
| ) | |
| FORD MOTOR COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

Plaintiff Tamara Sobolewski seeks damages for alleged employment discrimination from Defendant Ford Motor Company, her former employer. Ford moves to dismiss Ms. Sobolewski's complaint on the grounds that her claims are time barred and unexhausted. For the reasons that follow, the Court **GRANTS** Defendant's motion to dismiss.

## BACKGROUND

From 1992 to 2020, Ms. Sobolewski worked as a vehicle assembly technician for Ford. (ECF No. 1, ¶¶ 9 & 49, PageID #4 & #12.) In March 2020, Ford terminated Ms. Sobolewski for allegedly making a threatening post on social media. (*Id.*, ¶¶ 45–51, PageID #11–12.) Ms. Sobolewski maintains that she did not make the post and that it was the result of her account being hacked. (*Id.*, ¶¶ 42–43, PageID #10.) Ms. Sobolewski alleges that Ford terminated her in retaliation for grievances she filed against the company and for other protected activity in which she engaged. (*Id.*, ¶¶ 19–187, PageID #6–40.) Also, she claims that Ford took a number of adverse

actions against her based on disability, age, and sex. (ECF No. 9, PageID #1377.) Since her termination in 2020, Ms. Sobolewski filed numerous complaints with different administrative bodies. The complaints relevant to the present lawsuit are—

- A complaint with the U.S. Department of Labor filed on February 7, 2020 alleging violations of Title VII of the Civil Rights Act of 1964. (ECF No. 9-1, PageID #1385.) The Department of Labor transferred the case to the U.S. Equal Employment Opportunity Commission. (*Id.*) The Equal Employment Opportunity Commission did not find that a violation of Title VII occurred and dismissed the complaint. (ECF No. 9-2, PageID #1386.)

- Three charges with the Ohio Civil Rights Commission, each dismissed because the Commission was unable to find that discrimination occurred. (ECF No. 9-4, PageID #1417–31; ECF No. 9-5, PageID #1432–33; ECF No. 9-8, PageID #1445–49.)

On August 15, 2024, Plaintiff filed this lawsuit without the assistance of a lawyer. (ECF No. 1.) She maintains that Ford retaliated against her and engaged in discrimination. (*Id.*) Plaintiff's complaint alleges that Ford violated Title VII, breached the parties' collective bargaining agreement, and intentionally inflicted emotional distress. (*See generally id.*) The Court reads Plaintiff's *pro se* complaint as stating claims for: (1) violation of Title VII, (2) breach of the collective bargaining agreement, (3) judicial review of the Ohio Civil Rights Commission's three decisions, and (4) a State-law claim for intentional infliction of emotional distress. Ford moves to dismiss the complaint claiming that the lawsuit is time barred and that she failed


to exhausted her administrative remedies before proceeding with litigation. (ECF No. 9, PageID #1370.)

## ANALYSIS

Pleadings and documents filed by *pro se* litigants are "liberally construed," and a "*pro se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to make allegations on their behalf or create claims for them that they have not spelled out in their pleading. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *Payne v. Secretary of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (recognizing that liberal construction for *pro se* litigants does not "abrogate basic pleading essentials").

In any civil action, a complaint must "state[] a claim for relief that is plausible, when measured against the elements" of the claim. *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020) (citing *Binno v. American Bar Ass'n*, 826 F.3d 338, 345–46 (6th Cir. 2016)). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). To survive a motion to dismiss, a complaint must "raise a right to relief above the speculative level" into the "realm of plausible liability." *Twombly*, 550 U.S. at 555, 557 n.5.

When analyzing a complaint under this standard, the Court construes factual allegations in the light most favorable to the plaintiff, accepts them as true, and draws all reasonable inferences in the plaintiff's favor. *Ohio v. United States*, 849 F.3d 313, 318 (6th Cir. 2017). But a pleading must offer more than mere "labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is a court required to accept "[c]onclusory allegations or legal conclusions masquerading as factual allegations[.]" *Eidson v. Tennessee Dep't of Child.'s Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). Therefore, the Court must distinguish between well-pled factual allegations, which must be treated as true, and "naked assertions," which need not be. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

On a motion under Rule 12(b)(6), the Court's inquiry is limited to the content of the complaint, although it may also consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to or made part of the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

I. **The Title VII Claim**

Before bringing a Title VII discrimination claim, a plaintiff generally must file a timely charge with the Equal Employment Opportunity Commission. *Amini*, 259

4

F.3d at 498 (citing *Alexander v. Local 496, Laborers' Int'l Union of N. Am.*, 177 F.3d 394, 407 (6th Cir. 1999)). In Ohio, a plaintiff must file her charge with the Equal Employment Opportunity Commission "within 300 days of the alleged discriminatory act." *Alexander*, 177 F.3d at 407; 42 U.S.C. § 2000e-5(e)(1). Once the Equal Employment Opportunity Commission receives a charge, it has jurisdiction over it for 180 days. 42 U.S.C. § 2000e-5(f)(1); *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999). During the 180-day period, the Equal Employment Opportunity Commission will investigate the charge to determine whether there is "reasonable cause" to believe discrimination occurred. *Frank's Nursery & Crafts*, 177 F.3d at 456. If the Equal Employment Opportunity Commission finds reasonable cause, it can either sue on behalf of the employee or issue a right-to-sue letter. *Id.* If the Equal Employment Opportunity Commission does not find reasonable cause, an employee can request a right-to-sue letter. *Id.* The employee cannot file suit until she receives a right-to-sue letter. *Id.* (citing *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998)).

Here, Ms. Sobolewski's claims stem from the events leading up to her termination on March 2, 2020. On February 7, 2020, she filed a timely charge with the U.S. Department of Labor, which transferred the charge to the Equal Employment Opportunity Commission. (ECF No. 9-1, PageID #1385.) On October 6, 2020, the Equal Employment Opportunity Commission dismissed the charge and issued a right-to-sue letter. (ECF No. 9–2, PageID #1386.) According to the right-to-sue letter, Ms. Sobolewski had ninety days to file a lawsuit. (*Id.*) She filed the present

5

lawsuit on August 15, 2024, over three years after her ninety days had elapsed. (ECF No.1.) Therefore, Ms. Soboleski's claim is untimely.

## II. Breach of the Collective Bargaining Agreement

Ms. Sobolewski appears to claim that Ford violated the parties' collective bargaining agreement. (ECF No. 1, ¶¶ 164–165, PageID #36.) Disputes over a collective bargaining agreement have a six-month statute of limitations period. *DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 169–71 (1983). The time to file suit starts to run when the employee discovers or should have discovered the employer's final action. *Robinson v. Central Brass Mfg. Co.*, 987 F.2d 1235, 1239 (6th Cir. 1993). Here, Ford's final action discharging Ms. Sobolewski occurred on March 2, 2020. (ECF No. 1, ¶¶ 45–51, PageID #11–12.) Therefore, Ms. Sobolewski's challenge in 2024 to Ford's actions under the collective bargaining agreement comes too late.

## III. The State-Law Claims

"When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996). Under 28 U.S.C. § 1367(c)(3), the Court "may decline to exercise supplemental jurisdiction over a claim [if it] has dismissed all claims over which it has original jurisdiction." The Court should retain jurisdiction "only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh [the] concern over needlessly deciding state law issues." *Packard v. Farmers Ins. Co. of Columbus*, 423 F. App'x 580, 584 (6th Cir. 2011) (quoting *Moon v. Harrison Piping*

6

*Supply*, 465 F.3d 719, 728 (6th Cir. 2006)). In exercising this discretion, the Court may consider the convenience to the parties and judicial economy in resolving the case. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 761 (6th Cir. 2000).

### III.A. Review of the Decisions by the Ohio Civil Rights Commission

Because Ms. Sobolewski's request for judicial review of the Ohio Civil Rights Commission is clearly untimely, the Court exercises its discretion to resolve this claim in the interest of judicial economy. Under Section 4112.06 of the Ohio Revised Code, a party may seek judicial review of a decision from the Ohio Civil Rights Commission. On February 11, 2021, April 1, 2021, and March 2, 2024, respectively, the Ohio Civil Rights Commission dismissed the three charges that Ms. Sobolewski brought. (ECF No. 9-4, PageID #1430–31; ECF No. 9-5, PageID #1432–33; ECF No. 9-8, PageID #1448–49.) Each decision provided her with a notice of her right to petition for judicial review and expressly stated that she had thirty days to seek judicial review of the decision. Ms. Sobolewski's filing of her complaint on August 15, 2024, over three years after the first two thirty-day periods elapsed, is untimely, as is her suit over the third.

### II.C. Intentional Infliction of Emotional Distress

That leaves Ms. Sobolewski's State-law claim for intentional infliction of emotional distress. (ECF No. 1, ¶ 138–44, PageID #30–31.) Again, in the interest of judicial economy and bringing the dispute between the parties to an end, the Court exercises its discretion to adjudicate this claim. To plead and prove a claim for intentional infliction of emotional distress, Ohio law requires a plaintiff to show "(1) that the defendant intended to cause the plaintiff serious emotional distress, (2) that

the defendant's conduct was extreme and outrageous, and (3) that the defendant's conduct was the proximate cause of plaintiff's serious emotional distress." *Phung v. Waste Mgt. Inc.*, 71 Ohio St. 3d 408, 410, 1994-Ohio-389, 644 N.E.2d 286, 289 (citation omitted). A claim for intentional infliction of emotional distress must meet a reasonable-person standard. That is, the emotional distress that the plaintiff suffers must be of such a nature that "no reasonable [person] could be expected to endure it." *Pyle v. Pyle*, 11 Ohio App. 3d 31, 34, 463 N.E.2d 98, 103 (8th Dist. 1983) (quoting Restatement (Second) of Torts § 46 cmt. j (1965)). The Sixth Circuit notes the "emotional anguish" requirement is a demanding standard requiring emotional injury to be both severe and debilitating. *180 Indus., LLC v. Brunner Firm Co. LPA*, No. 20-419, 2021 WL 4955268, at *2 (6th Cir. July 13, 2021) (quoting *Paugh v. Hanks*, 451 NE.2d 759, 765 (Ohio 1983)).

However distressing the conduct of which Ms. Sobolewski complains was to her, and however distressing she found it, her complaint makes clear that the events at issue fall far short of the standard that Ohio law requires. Therefore, the Court determines as a matter of law that she fails to state a claim for intentional infliction of emotional distress.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss. (ECF No. 9.)

**SO ORDERED.**

8

Dated: December 26, 2024

                                     J. Philip Calabrese
                                     United States District Judge
                                     Northern District of Ohio